RECEIVED

JMR-MTS/2013R01283

APR 0 2 2014

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 14- |
| v. | : | |
| RONALD GALATI, and | : | 18 U.S.C. §§ 1958, 924(b), 924(c), |
| JEROME JOHNSON, | | 924(h), 924(o), 922(g)(1) and 2 |
| a/k/a "Rome" | : | |

### INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden,

charges:

### COUNT 1
### [18 U.S.C. § 1958 – Conspiracy to Commit Murder-for-Hire]

The Defendant and Other Individuals

1.     At all times relevant to this Indictment:

a.     Defendant RONALD GALATI was a resident of Philadelphia,

Pennsylvania, and owned and operated American Collision & Automotive

Center ("American Collision") located in Philadelphia, Pennsylvania.

b.     Defendant JEROME JOHNSON, a/k/a "Rome," was a

resident of Philadelphia, Pennsylvania, and at various times worked for GALATI

at American Collision.

c.     Alvin Matthews, who is named as a co-conspirator but not as

a defendant herein, was a resident of Brookhaven, Pennsylvania and at various

times worked for GALATI and JOHNSON.

      d.     Ronald Walker, who is named as a co-conspirator but not as a defendant herein, was a resident of Philadelphia, Pennsylvania, and at various times worked for GALATI and JOHNSON.

      e.     Victim #1 was a resident of Atlantic City, New Jersey, and also maintained a home in Philadelphia, Pennsylvania.

The Conspiracy

2.     On or about November 30, 2013, in the District of New Jersey and elsewhere, defendants

RONALD GALATI, and<br>JEROME JOHNSON,<br>a/k/a "Rome,"

conspired and agreed with Ronald Walker, Alvin Matthews and others to travel in, and cause another to travel in, interstate commerce, that is from Philadelphia, Pennsylvania to Atlantic City, New Jersey, and to use, and cause another to use, an interstate facility, that is, a telephone, with intent that a murder be committed, in violation of the laws of the State of New Jersey, that is, New Jersey Statutes Annotated, Section 2C:11-3, as consideration for the receipt of something of pecuniary value, that is, United States currency, and as consideration for a promise and agreement to pay money, the result of which Victim #1 suffered personal injury.

Manner and Means

3.     It was part of the conspiracy that defendant RONALD GALATI directed Ronald Walker and Alvin Matthews to murder Victim #1 in

2

consideration for GALATI's agreement and promise to pay Walker and Matthews in cash for doing so.

Overt Acts

In furtherance of the conspiracy and to effect its object, defendants RONALD GALATI and JEROME JOHNSON and others committed the following overt acts, among others, in the District of New Jersey and the Eastern District of Pennsylvania and elsewhere:

4.      Beginning sometime before June 2013, defendant RONALD GALATI began saying that he was going to kill Victim #1.

5.      In or about June 2013, defendant RONALD GALATI, members of GALATI's family and associates of GALATI had dinner with Victim #1 at a restaurant in Northfield, New Jersey.  During dinner, GALATI took Victim #1 into the kitchen and threatened to kill him.

6.      Defendants RONALD GALATI and JERMONE JOHNSON approached Walker and Matthews and asked that they kill Victim #1 in a manner that would not implicate GALATI in the murder plot.

7.      Defendant RONALD GALATI promised to pay Walker and Matthews to shoot and kill Victim #1.

8.      Defendant RONALD GALATI provided Walker and Matthews with several addresses associated with Victim #1, including an address in the vicinity of Broad and Snyder Streets in Philadelphia, Pennsylvania.

9.      On or about November 15, 2013, in an attempt to find and kill Victim #1, defendant JEROME JOHNSON took Walker and co-conspirator #1 to

Victim #1's home in Philadelphia, Pennsylvania.  Upon finding the home empty, co-conspirator #1 broke into Victim #1's home and vandalized it while Walker waited outside.

10.     On or about November 29, 2013, defendant JEROME JOHNSON gave Matthews a Colt .25 caliber semi-automatic handgun.

11.     On or about November 30, 2013, defendant JEROME JOHNSON telephoned Walker and Matthews and arranged to meet them.  At some point defendant RONALD GALATI called JOHNSON on JOHNSON's cellular telephone and told him that Victim #1 was in New Jersey.  Thereafter, JOHNSON drove Walker and Matthews to Atlantic City, New Jersey.

12.     During the drive, defendant JEROME JOHNSON told Walker and Matthews that if there was a woman with Victim #1, she was not to be harmed.

13.     While in defendant JEROME JOHNSON's vehicle, Matthews gave Walker the Colt .25 caliber semi-automatic handgun that JOHNSON had given Matthews the day before.

14.     Defendant JEROME JOHNSON then dropped Walker and Matthews off around the corner from Victim #1's home in Atlantic City, New Jersey.

15.     When Victim #1 and a woman came out of a house, Walker and Matthews approached them and Walker shot Victim #1 with the Colt .25 caliber semi-automatic handgun, striking Victim #1 multiple times.

In violation of Title 18, United States Code, Section 1958.

4

## COUNT 2
### [18 U.S.C. § 924(o) – Conspiracy to Possess and Use of a Firearm During a Crime of Violence]

1. Paragraphs 1 and 3 through 15 of Count 1 of the Indictment are incorporated as if set forth in full herein.

2. On or about November 30, 2013, in the District of New Jersey and elsewhere, defendants

RONALD GALATI, and
JEROME JOHNSON,
a/k/a "Rome,"

did knowingly and willfully conspire and agree with Ronald Walker, Alvin Matthews and others to commit an offense under Title 18, United States Code, Section 924(c), that is, to possess, use, discharge and carry a firearm during and in relation to the commission of a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to use interstate commerce facilities in the commission of a murder-for-hire and use of interstate commerce facilities in the commission of murder-for-hire, contrary to Title 18, United States Code, Section 1958.

In violation of Title 18, United States Code, Section 924(o).

## COUNT 3
## [18 U.S.C. § 1958 – Murder-for-Hire]

1.      Paragraphs 1 and 3 through 15 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2.      On or about November 30, 2013, in the District of New Jersey and elsewhere, defendants

RONALD GALATI, and
JEROME JOHNSON,
a/k/a "Rome,"

did knowingly and intentionally travel in, and cause another to travel in, interstate commerce, that is from Philadelphia, Pennsylvania to Atlantic City, New Jersey, and to use, and cause another to use, an interstate facility, that is, a telephone, with intent that a murder be committed, in violation of the laws of the State of New Jersey, that is, New Jersey Statutes Annotated, Section 2C:11-3, as consideration for the receipt of something of pecuniary value, that is, United States currency, and as consideration for a promise and agreement to pay money.

In violation of Title 18, United States Code, Section 1958, and Title 18, United States Code, Section 2.

6

## COUNT 4
### [18 U.S.C. § 924(c) – Possession and Use of a Firearm During a Crime of Violence and Aiding and Abetting Thereof]

1.      Paragraphs 1 and 3 through 15 of Count 1 of the Indictment are incorporated as if set forth in full herein.

2.      On or about November 30, 2013, in the District of New Jersey and elsewhere, defendants

> RONALD GALATI, and
> JEROME JOHNSON,
> a/k/a "Rome,"

did knowingly and willfully use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to use interstate commerce facilities in the commission of a murder-for-hire and use of interstate commerce facilities in the commission of murder-for-hire, contrary to Title 18, United States Code, Section 1958, and did knowingly and willfully aid, abet, counsel and induce another in the commission of this offense.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

**COUNT 5**
**[18 U.S.C. § 924(b) – Knowing Transport of a Firearm for Use During the Commission of a Felony]**

1.      Paragraphs 1 and 3 through 15 of Count 1 of the Indictment are incorporated as if set forth in full herein.

2.      On or about November 30, 2013, in the District of New Jersey and elsewhere, defendant

JEROME JOHNSON,
a/k/a "Rome,"

did, with intent to commit an offense punishable by imprisonment for a term exceeding one year, and with knowledge and reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year was to be committed therewith, that is, conspiracy to use interstate commerce facilities in the commission of a murder-for-hire and use of interstate commerce facilities in the commission of murder-for-hire, contrary to Title 18, United States Code, Section 1958, knowingly ship, transport, and receive in interstate commerce, a firearm, namely, a Colt .25 caliber semi-automatic handgun, bearing serial number 304206, and ammunition.

In violation of Title 18, United States Code, Section 924(b), and Title 18, United States Code, Section 2.

8

## **COUNT 6**
## **[18 U.S.C. § 924(h) – Knowing Transfer of a Firearm for Use in a Crime of Violence]**

1.      Paragraphs 1 and 3 through 15 of Count 1 of the Indictment are incorporated as if set forth in full herein.

2.      On or about November 30, 2013, in the District of New Jersey and elsewhere, defendant

JEROME JOHNSON,
a/k/a "Rome,"

did knowingly transfer a firearm, namely, a Colt .25 caliber semi-automatic handgun, bearing serial number 304206, and ammunition, knowing that the firearm would be used in a crime of violence, that is, conspiracy to use interstate commerce facilities in the commission of a murder-for-hire and use of interstate commerce facilities in the commission of murder-for-hire, contrary to Title 18, United States Code, Section 1958.

In violation of Title 18, United States Code, Section 924(h), and Title 18, United States Code, Section 2.

## COUNT 7
### [18 U.S.C. § 922 – Felon in Possession of a Firearm]

On or about November 30, 2013, in Atlantic County, in the District of
New Jersey, and elsewhere, defendant

JEROME JOHNSON,
a/k/a "Rome,"

having been convicted of a crime punishable by imprisonment for a term
exceeding one year in a court in the Commonwealth of Pennsylvania, did
knowingly possess, in and affecting commerce, a firearm, namely, one loaded
Colt .25 caliber semi-automatic handgun, bearing serial number 304206, and
ammunition.

In violation of Title 18, United States Code, Section 922(g)(1); and Title
18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

PAUL J. FISHMAN
United States Attorney

10

CASE NUMBER:   14- 173

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

RONALD GALATI, and
JEROME JOHNSON,
a/k/a "Rome"

INDICTMENT FOR
18 U.S.C. § 1958
18 U.S.C. § 924
18 U.S.C. § 922
18 U.S.C. § 2

A True Bill,

~~Foreperson~~ *cc*

PAUL J. FISHMAN
U.S. ATTORNEY, NEWARK, NEW JERSEY

JASON M. RICHARDSON
MATTHEW T. SMITH
ASSISTANT U.S. ATTORNEYS
CAMDEN, NEW JERSEY
(856) 757-5026

USA-48AD8
(Ed. 1/97)